UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW QUINN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 22-1339 (UNA) |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES *et al*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's form Civil Complaint, Dkt. 1, and application to proceed *in forma pauperis*, Dkt. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and

determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Fairfax, Virginia, has sued the U.S. Department of Health and Human Services; county offices in Arlington, Virginia; the Transit Police in Washington, D.C.; and the FBI, for "60,000,000 million dollars." Compl. at ECF pp. 2-4, 6. Although Plaintiff checks federal question as the basis of jurisdiction, *id*. at 5, he has not invoked the U.S. Constitution or a federal law or treaty to establish jurisdiction under 28 U.S.C. § 1331. Rather, Plaintiff lists under the jurisdictional section "harassment, invasion of my privacy, stalking, and false imprisonment," *id*., which is consistent with his Statement of Claim alleging only that he has "been harassed and stalk[ed] by these people for years and follow[ed] across the country," *id*. at 6. Apart from the jurisdictional defect, such vague allegations fail to provide any no notice of a claim. Therefore, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

_____/s/_____
DABNEY L. FRIEDRICH
United States District Judge

Date: June 9, 2022